## Persing v. Northumberland County Board of Elections

*W. Irvine Wiest*, for plaintiff.

*Frederick E. Lark*, for defendants.

TROUTMAN, J., August 3, 1949.—Plaintiff, Russel Rudy Persing, brings this action of mandamus against Leroy Thomas, Ray Leffler and James Kelley, constituting the County Board of Elections in and for the County of Northumberland, praying for the entry of judgment against defendants commanding them to cause the name of plaintiff to be printed upon the official ballot of the Republican Party for the primary election to be held September 13, 1949, as a candidate for the office of city councilman of the City of Shamokin, as "Russel Rudy Persing".

A complaint was filed by plaintiff to which an answer was filed by defendants. By agreement of both parties and in order that the question involved might be disposed of prior to the printing of the official primary ballots, the matter was presented to this court on a stipulation of facts and is now before the court for disposition.

On July 25, 1949, plaintiff filed with defendants as a County Board of Elections of the County of Northumberland, a petition to have his name printed upon the official ballot of the Republican Party as a candidate for the office of city councilman of the City of Shamokin, which petition was signed by the requisite number

of qualified electors and was accompanied by the filing fee required by law.

On the petition, plaintiff's name to be inserted on the official ballot was given as "Russel (Rudy) Persing". Defendants accepted the nominating petition and his filing fee but informed plaintiff that his name would appear on the ballot of the Republican Party at the primary election as Russel Persing and refused to print the word "(Rudy)" as a part of plaintiff's name on the ballot. When the petition was presented to the board of elections, plaintiff was asked if the name, "Rudy", was his correct name and he said: "No. It is a nickname".

Plaintiff's name, given to him at birth, is Russel Persing, but since childhood, through long usage and custom, he has been known to his friends and associates as Rudy Persing, many of whom do not know that his Christian name is Russel instead of Rudy. However, he has never used the name, Rudy, in a business way but uses his Christian name, Russel, in business transactions such as in the deed of his real estate, his bank account and in his registration as an elector. Plaintiff has run for public office on three or four occasions as "Russel Persing". His name is listed in the telephone directory and also in the latest city directory of Shamokin as Russel Persing. He has been a candidate for and has been elected to public office under the name of Russel Persing and has never used the name, "Rudy", previously in aspiring for public office.

Prior to his candidacy for city councilman, the public offices for which he was a candidate were for a particular ward, having been elected to the office of borough councilman for a particular ward on several occasions but this time he is a candidate for a city-wide office. Plaintiff contends that because of the number of people who know him as Rudy, he desires the name, "Rudy", to be on the ballot.

The question raised by the complaint and answer and the stipulation of facts is whether or not the name, "Rudy", shall appear on the ballot as part of the name of plaintiff.

At the hearing and argument it was conceded that the use of parentheses would be improper for if such were to be permitted, such printing of a name would have a mark or designation of distinction in relation to the other names on the ballot and give such candidate an unfair advantage. Consequently, the action of the board of elections was proper in refusing to print the name of plaintiff as "Russel (Rudy) Persing". Plaintiff contends that he has the right to have the name of Rudy included in the ballot without the use of parentheses and have his name appear on the ballot as "Russel Rudy Persing".

Under the provisions of section 1002 of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, 25 PS §2962, the form of the official primary ballot is set forth and under subsection (b), it is provided what shall be printed in respect to the name of each person whose name is to appear on the ballot as a candidate for a particular office. This provision of the election code provides that only the name shall appear except in respect to candidates for offices particularly set forth. The question then resolves itself as to whether the appellation "Rudy" is part of the name of the candidate. Plaintiff at no time has used the appellation, "Rudy", in any of his business transactions and as we have previously pointed out the only time that such an appellation was given to him was among his friends and acquaintances. Plaintiff, himself, when he presented his petitions for filing stated that the name, Rudy, was a nickname, which would indicate that it was not intended to be a part of his legal name. The facts in this case clearly show that at no time did plaintiff use or

permit the use of the name, "Rudy", to be a part of his legal name. A person is legally permitted to have printed upon a ballot the name which he has adopted and under which he transacts private and official business. See 18 Am. Jur. 295. However, mere names of endearment, affection, jest or any so-called nickname is not usually a part of one's legal name and to permit the printing of nicknames upon ballots may lead to a great deal of embarrassment as far as the electorate is concerned. While the appellation, Rudy, in itself may be rather innocuous, nevertheless, if nicknames are permitted to be printed upon ballots to be used by the electorate, it is conceivable that there may be many nicknames which may have connotations bordering upon vulgarity, levity or even immorality. There is no evidence whatsoever which indicates that plaintiff used the name, Rudy, as part of his legal name.

Plaintiff is the only candidate running for the office of city councilman with the surname, "Persing". Consequently, there can be no ground for confusion by not permitting the use of the name, "Rudy". There is no such similarity of names of other candidates which would justify some description in order that the voter may intelligently express his or her choice.

We find that the name, "Rudy", has not been adopted by plaintiff as a part of his legal name, but on the contrary has been used by him and others as a so-called nickname and therefore, the county board of elections was justified in holding that such name could not be included in designating plaintiff as a candidate in the primary election. Therefore, the action of mandamus must be dismissed, the relief refused and judgment entered for defendants.

*Order*

And now, to wit, August 3, 1949, it is hereby ordered, adjudged and decreed that the action of mandamus be

dismissed, the relief refused and judgment is hereby entered in favor of defendants and against plaintiff. Costs to be paid by plaintiff.